IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL RUSSELL,

        Plaintiff,

vs.                                    Civil Action Number:

LIFE INSURANCE COMPANY OF
NORTH AMERICA, and
KANSAS CITY SOUTHERN
WELFARE BENEFIT PLAN,

        Defendants.

## COMPLAINT

AND NOW, comes the Plaintiff, Daniel Russell, by and through his undersigned counsel, Gregory G. Paul, and files the within Complaint, to obtain declaratory relief, and recover denied benefits including long-term disability, waiver of premium for life insurance under an ERISA employee benefit plan, and to recover costs, prejudgment interest and attorney's fees.

## JURISDICTION AND VENUE

1.    This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2.    Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the subject employee benefit plan is administered in this district, the breaches of duty herein alleged occurred in this district, and one or more of the defendants

resides or is found in this district, and pursuant to 28 U.S.C. §1391(b), in that the causes of action arose in this district.

## PARTIES

3.Plaintiff, Daniel Russell, is an adult individual who resides in Bossier City, LA 71111.

4.Defendant, Life Insurance Company of North America d/b/a Cigna Group Insurance ("LINA"), is the plan administrator and/or "de facto" plan administrator and insurer of the Plan and conducts its business in Pittsburgh, PA  15242.

5.Defendant, Kansas City Southern Welfare Benefits Plan, is a plan as defined under ERISA whose address is P.O. Box 219335, Kansas City, Missouri 64121.

## SUMMARY OF ACTION

6.Mr. Russell is currently 62 years old and worked on the railroad for 32 years, most recently as an Operations Manager.

7.On or about November 4, 2010, Mr. Russell was unable to continue working in his own occupation due to multiple medical conditions including artery disease, diabetic neuropathy with amputations, and disc disease with symptoms of severe pain and fatigue.

8.Defendants paid long-term disability benefits through July 12, 2015 under both the "own occupation" and "any occupation" definitions of disability.

9.Mr. Russell applied for and continues to receive Railroad Retirement Disability benefits based upon the finding that he is totally and permanently disabled from substantial gainful activity.

10.Under Waiver of Premium/Life Insurance policy, Disability/Disabled means because of Injury or Sickness an Employee is unable to perform all the material duties of any

occupation which he or she may reasonably become qualified based on education, training or experience.  This relevant policy is issued under policy number FLX961019 in the amount of $202,000.00 for life insurance coverage.

11. Following an initial denial, which plaintiff timely appealed, Defendant issued a final denial dated August 3, 2017 on the basis that Mr. Russell is capable of returning to his former position on a full-time basis.

12. Defendants' denial was based upon a medical review and a functional capacity evaluation that failed to consider chronic pain, unexpected absences from work and failed to perform a vocational analysis. However, C. Kimball Heartsill, a vocational expert, considered the impact of Dr. Chandler's restrictions and opinions upon the ability to work compared to LINA's conclusion that he could return to work in his former position. Based upon his 31 years as a vocational expert, Mr. Heartstill evaluated the ability to perform the jobs identified by LINA against the frequency of unscheduled absences in excess of three per month and limitations in concentration and attention opining that an individual missing more than three days per month would not be able to maintain consistent or continual employment on a full-time or part-time basis.

13. As a result of Defendants' denial of the Waiver of Premium/Life Insurance benefits, Plaintiff has not received the proper coverage since July 12, 2015 to which he is entitled, and was denied the waiver of premium under the policy including for life insurance benefits.

14. In a letter dated August 3, 2017, LINA issued a denial of long-term disability benefits under Policy FLK0960155 providing for monthly benefits in the amount of $5,050.00 that is reduced by an offset for Railroad Disability benefits to $1,317.94 per month.

15. This denial letter states that plaintiff has the right to bring legal action for benefits under ERISA and has exhausted administrative remedies.

16. Furthermore, Defendant's denial was infected by conflict of interest including but not limited to the claims processing and payment of claims by the same insurance company and failure to follow enhanced claim procedures as required by the Regulatory Settlement Agreement between LINA and the Pennsylvania Department of Insurance including but not limited to failing to perform or respond to plaintiff's vocational expert. (Attached as Ex. 1).

**COUNT ONE**
**(CLAIM FOR WAIVER OF PREMIUM FOR**
**LIFE INSURANCE BENEFITS UNDER THE PLAN- 29 USC 1132(a)(1)(B))**

17. Paragraphs 1-16 are re-alleged and incorporated by reference as if fully set forth herein.

18. The Plan provides the Plaintiff is entitled to waiver of premiums including for life insurance ("Waiver of Premium Benefits") based upon his becoming disabled within the meaning of the Plan.

19. Plaintiff has established his disability within the meaning of the Plan and is entitled to Disability Benefits because she is unable to perform all the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience.

20. On or about July 12, 2015, Defendant denied Waiver of Premium/Life Insurance benefits. Plaintiff is entitled to this coverage under the Plan because his medical conditions prevent him from performing all the material duties of any occupation for which he may reasonably become qualified based on education, training or experience.

21.     Defendants' denial of Waiver of Premium/Life Insurance benefits constitutes denial of benefits governed by ERISA and adversely affects his eligibility for continuing waiver of premiums including life insurance.

22.     The denial letter dated August 3, 2017 states that plaintiff has the right to bring legal action for benefits under ERISA.

## COUNT TWO
### (CLAIM FOR LTD "ANY OCCUPATION" BENEFITS UNDER THE PLAN- 29 USC 1132(a)(1)(B))

23.     Paragraphs 1-22 are re-alleged and incorporated by reference as if fully set forth herein.

24.     The Plan provides the Plaintiff is entitled to Long-Term Disability Benefits ("Disability Benefits") based upon him becoming disabled within the meaning of the Plan.

25.     Plaintiff has established his disability within the meaning of the Plan and is entitled to Disability Benefits because he is unable to perform the material duties of any occupation for which she is or may be reasonably become qualified based upon education, training and experience, and unable to earn 60% or more of her indexed earnings.

26.     On or about September 21, 2016, Defendant denied Long-Term Disability Benefits beyond July 12, 2015.  Plaintiff is entitled to this coverage under the Plan because his medical conditions prevent him from performing the material duties of any occupation.  This long-term disability benefits denial concluded that he was capable of full-time sedentary work, contrary to plaintiff's treating physician who opined that he suffers from pain and fatigue and would be absent from work in excess of three days per month due to his symptoms.

27.     Defendant's denial of Long-Term Disability Benefits constitutes denial of benefits governed by ERISA and adversely affects his eligibility for future benefits.

28. The denial letter dated August 3, 2017 states that plaintiff has the right to bring legal action for benefits under ERISA.

## COUNT THREE
## (DUTY TO PROVIDE DOCUMENTS UNDER 29 U.S.C. 1332(a)(1)(A) and (c)(1))

29. The averments set forth in the above paragraphs are incorporated by reference.

30. On or about April 5, 2017 and again on June 21, 2016, plaintiff requested copies of plan documents, summary plan description, complete claims file and medical evidence used to deny the claim, and communications whether by memo, letter or email.

31. Plaintiff received a copy of what is referred to as the "claim file". However, plaintiff did not receive certain documents including copies of the policies, CIGNA's Blue Book, claim manuals, written protocols, rules, or even the qualifications of the reviewers of their claims file.

32. ERISA requires administrator's to produce information under two different statutory provisions: 29 U.S.C. § 1024 and 29 U.S.C. § 1029.

33. Pursuant to 29 U.S.C. § 1024:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, **or other instruments under which the plan is established or operated.**

29 U.S.C. § 1024(b)(4) (Emphasis added)

34. Pursuant to 29 U.S.C. § 1029:

> **(c)   Format and content of summary plan description, annual report, etc., required to be furnished to plan participants and beneficiaries**
>
> **The Secretary may prescribe the format and content of** the summary plan description, the summary of the annual report described in section 1024(b)(3) of this title and **any other report, statements or documents** (other than the bargaining agreement, trust agreement, contract, or other

> instrument under which the plan is established or operated), **which are required to be furnished or made available to plan participants and beneficiaries receiving benefits under the plan.**

29 U.S.C. § 1209(c) (Emphasis added).

35. ERISA's document penalty provisions apply when an administrator fails to provide the plan documents specifically discussed in 29 U.S.C. § 1024(b)(4) <u>and</u> when an administrator withholds other reports, statements or documents that "are required to be furnished or made available to plan participants." 29 U.S.C. § 1209(c).

36. Under 29 U.S.C. § 1132(c) and 29 U.S.C. § 1209(c), the Secretary of Labor is given authority to establish the format and content of what documents are required to be produced. Therefore, "Any administrator…who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish…may in the court's discretion be personally liable" for a penalty pursuant to 29 U.S.C. § 1132(c).

37. Additionally, the Secretary has general authority under "this subchapter" to "prescribe such regulations as he finds necessary or appropriate to carry out the provisions of this title." 29 U.S.C. § 1135. The Secretary has promulgated 29 C.F.R. § 2560.503-l(h) which requires that a claimant receive a full and fair review of an adverse benefit decision. Part of a full and fair review requires that a claimant

> shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section

29 C.F.R. § 2560.503-l(h)(2)(iii).

38. At paragraph (m)(8) the Secretary explains what documents are relevant to the claim and are to be produced under ERISA:

>A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
>
>(i)      Was relied upon in making the benefit determination;
>
>(ii)     Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
>(iii)    Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
>
>(iv)     In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-l(m)(8)(i-iv).

39.     Based on this conduct, defendant is in violation of ERISA § 502(a)(1)(A) and (c)(1) by failing to supply information and comply with notice requests.

40.     Defendants failed to comply with plaintiff's request by not providing any documents including "relevant documents" as defined under section 503-1(m)(8) to include not only those documents considered but also those documents "submitted, considered or generated". Furthermore, these documents require disclosure of documents that demonstrate defendants' compliance with (b)(5) that the plan has been applied consistently to similarly situated claimants. Defendants failed to identify all of the medical and vocational experts whether relied upon or not. Defendants failed to identify the actual reviewer and his or her credentials. Last, defendants failed to provide internal rules, guidelines and protocols relied upon or applied in terminating plaintiff's claim for benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Daniel Russell, respectfully prays that the court: (1) declare that the Defendant is obligated to pay Plaintiff his past due Disability Benefits; (2) declare that the Defendants be assessed and ordered to pay $110 per day for the failure and/or refusal to provide requested Plan documents, schedules and policies pursuant to 29 U.S.C. §1132(c)(1); (3) issue an inunction and declaratory relief that LINA produce all relevant documents under section 503-1(m)(8) to include not only those documents considered but also those documents "submitted, considered or generated" in compliance with (b)(5) that the plan has been applied consistently to similarly situated claimants, identify all of the medical and vocational experts whether relied upon or not, identify the actual reviewer and his or her credentials, provide internal rules, guidelines and protocols relied upon or applied in terminating plaintiff's claim for benefits; and (4) award retroactive long-term disability benefits and reinstate future benefits; (5) award Plaintiff the costs of this action, interest, and reasonable attorneys' fees; and (6) award such other further and different relief as may be just and proper.

Respectfully submitted,

MORGAN & PAUL, PLLC

/s/ Gregory G. Paul
GREGORY G. PAUL
PA ID Number:  83334
First & Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 259-8375
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com

Attorney for Plaintiff

Dated:  October 18, 2017